STATE OF NORTH CAROLINA v. NATHAN SYLVESTER WALLER

No. 8510SC145

(Filed 1 October 1985)

1. **Criminal Law § 74.2— incriminating statement of codefendant—absence of prejudice**

    The trial court did not violate defendant's G.S. 15A-927 right of confrontation in denying defendant's motion for a mistrial because of the admission of a codefendant's incriminating statement in a joint trial to the effect that the three defendants had been deposited near the crime scene after hitchhiking since (1) defendant's objection to such testimony was actually based on G.S. 15A-910, which sets out possible sanctions for the State's failure to comply with discovery; (2) the court was not required to impose sanctions under this statute; (3) essentially the same testimony was elicited the previous day before the jury was impaneled, and defendant failed to object or make a motion to sever; and (4) even if defendant had made the appropriate objections under G.S. 15A-927, the admission of the testimony was harmless error because other evidence placed defendant at the scene of the crime.

2. **Criminal Law § 91— speedy trial—failure to make findings—exclusion of certain periods of time**

    While the better practice is for the trial court to make findings of fact when ruling on motions to dismiss on speedy trial grounds, the court's failure to make findings does not constitute reversible error when it is apparent that the court determined that the State carried its burden of proof under G.S. 15A-703(a). It is clear that defendant's statutory speedy trial rights were not violated in this case when periods are excluded for time pending a motion for

voluntary discovery, time pending resolution of defendant's motion for appointment of a fingerprint expert, and the time between defendant's motion to quash the indictments and the date to which the case was continued to permit the State to file new bills of indictment. G.S. 15A-701(b)(1)(d) and G.S. 15A-701(b)(5).

**3. Larceny § 6.1— value of stolen truck—testimony by owner—failure to object**

While testimony by the owner of a stolen truck as to the price for which he would sell the vehicle was not competent evidence of value for purposes of the larceny statute, such evidence could properly be considered on a motion for nonsuit or to dismiss where defendant failed to object thereto.

**4. Criminal Law § 26.5— felonious breaking or entering and felonious larceny pursuant to breaking or entering—no double jeopardy**

Defendant's right against double jeopardy was not violated by his convictions for felonious breaking or entering and felonious larceny pursuant to that breaking or entering.

APPEAL by defendant from *Lee, Judge.* Judgments entered 26 July 1984 in Superior Court, WAKE County. Heard in the Court of Appeals 23 September 1985.

Defendant was charged in bills of indictment, proper in form, with one count of felonious breaking or entering, two counts of felonious larceny, and one count of felonious possession of stolen goods. He was convicted of two counts of felonious larceny, one of which was for the larceny of a pickup truck, and one count of felonious breaking or entering. From judgments imposing consecutive sentences of ten years for felonious breaking or entering and larceny and ten years for larceny of a motor vehicle, defendant appealed.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General John R. B. Matthis, and Assistant Attorney General Alan S. Hirsch, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Malcolm Ray Hunter, Jr., for defendant, appellant.*

HEDRICK, Chief Judge.

Defendant first contends that the trial court, by denying his motion for mistrial, by admitting testimony as to an incriminatory out of court statement of a co-defendant, and by admitting that testimony without a limiting instruction, violated defendant's constitutional right of confrontation in contravention of G.S. 15A-927.

[1] Defendant was tried jointly with two co-defendants, one of whom was John Lewis Butler. Officer Michael McDermott testified for the State that he stopped and questioned the three defendants, who were walking along the road near the scene of the crime on the morning of the crime, and that Butler told him that they had hitchhiked from Durham and had just walked across the field from the place where they had been deposited, pointing to the area where the stolen pickup was located and the break-in had occurred.

Defendant contends that he objected to this testimony and moved for a mistrial under G.S. 15A-927, which provides that when a defendant objects to a joint trial because an out-of-court statement of a defendant makes an inadmissible reference to the objecting defendant, the court must require the prosecutor to elect to proceed in a joint trial without admitting the statement, to proceed in a joint trial with the objectionable portions of the statement deleted, or to proceed in separate trials. The transcript reveals, however, that defendant, contending that this statement about their being deposited near the crime scene had not been disclosed during discovery, moved for a mistrial pursuant to G.S. 15A-910, which sets out possible sanctions for the State's failure to comply with discovery. The court is not required to impose any sanction under G.S. 15A-910, and the court's ruling under G.S. 15A-910 is not reviewable absent a showing of an abuse of discretion. *State v. Alston*, 307 N.C. 321, 298 S.E. 2d 631 (1983).

The previous day, before the jury was impaneled, McDermott gave essentially the same testimony regarding Butler's statements. Defendant did not object or make a motion to sever at that time. He thus could not claim surprise when the statement was introduced the next day. We therefore find no abuse of discretion by the court.

Even if defendant had made the appropriate objections under G.S. 15A-927, the admission of the testimony was harmless beyond a reasonable doubt. Defendant contends the testimony was prejudicial because it placed defendant at or near the scene of the break-in. There was other evidence, however, that defendant's footprints, along with the footprints of the other defendants, were found around the stolen pickup truck, and that defendant's fingerprints were found on a U-Haul truck near the shop which had been broken into.

[2]  Defendant next contends that the court erred in denying his motion to dismiss on speedy trial grounds because the State failed to prove certain time periods were excludable under the Speedy Trial Act and the court failed to make findings to support its decision.

While the better practice is for the court to make findings of fact, the court's failure to make findings does not constitute reversible error when it is apparent the court determined the State carried its burden of proof under G.S. 15A-703(a). *See State v. Rogers*, 49 N.C. App. 337, 271 S.E. 2d 535, *disc. rev. denied*, 301 N.C. 530, 273 S.E. 2d 464 (1980). Defendant was indicted on 7 November 1983 to start the running of the speedy trial clock. G.S. 15A-701(a1)(1). On 16 November 1983 defendant filed a motion for voluntary discovery, which was answered by the State on 23 November 1983. This one week period was excludable under the Speedy Trial Act. *State v. Marlow*, 310 N.C. 507, 313 S.E. 2d 532 (1984). On 19 December 1983 defendant filed a motion for the appointment of an independent fingerprint expert. A hearing on that motion was scheduled for 9 February 1984, but the hearing was continued until 15 March 1984 because defendant's counsel failed to appear for the hearing. On 16 March 1984 the court allowed defendant's motion for the appointment of a fingerprint expert and ordered a continuance until 19 April 1984 in order to allow defendant to employ a fingerprint expert. On 16 April 1984, upon motion by defendant, the court allowed another continuance, until 14 May 1984, for defendant to employ a fingerprint expert. The period from 19 December 1983 until 14 May 1984 was clearly excludable under G.S. 15A-701(b)(1)d, which permits exclusion of the time between the filing of a pretrial motion and the date of the court's final ruling on the motion or the date on which the event causing the delay is finally resolved. In the meantime, defendant filed a motion to quash the indictments on 19 March 1984. The court granted the motion to quash the indictments on 15 June 1984 and on that date entered an order to continue until 23 July 1984 to allow the State to file new bills of indictment. The period from 19 March 1984 until 23 July 1984 was clearly excludable under G.S. 15A-701(b)(1)d and G.S. 15A-701(b)(5). Defendant's case was called for trial on 23 July 1984. The only periods, therefore, which were not excluded by the provisions of G.S. 15A-701(b) were the periods from 7 November 1983 to 16 Novem-

ber 1983 and from 23 November 1983 to 19 December 1983, periods totalling 35 days, well within the 120 day mandate of the Speedy Trial Act. The State thus carried its burden of proof under G.S. 15A-703(a). The motion to dismiss was therefore properly denied.

[3] Defendant next contends that the court erred in denying his motion to dismiss the charge of felonious larceny for the larceny of the pickup truck because there was no competent evidence as to the value of the pickup truck. When asked for the value of the pickup truck, the truck's owner testified that he "wouldn't have took less than five thousand dollars for it, it was in good shape." While the owner's testimony as to the price for which he would sell the vehicle was not competent evidence of value for the purposes of the larceny statute, *State v. Haney*, 28 N.C. App. 222, 220 S.E. 2d 371 (1975), defendant did not object to the testimony. Since incompetent evidence, if not objected to, may be considered on a motion for nonsuit or to dismiss, the motion to dismiss was properly denied. *Id.*

[4] Defendant's remaining contention is that defendant's convictions for felonious breaking or entering and for felonious larceny pursuant to that breaking or entering violate the double jeopardy clauses of the North Carolina and United States Constitutions. As defendant concedes, this contention has been rejected repeatedly by this Court and will continue to be rejected until the Supreme Court holds otherwise. *State v. Cameron*, 73 N.C. App. 89, 325 S.E. 2d 635 (1985).

We hold defendant received a fair trial, free of prejudicial error.

No error.

Judges BECTON and PARKER concur.