STATE v. COKER

[325 N.C. 686 (1989)]

STATE OF NORTH CAROLINA v. BILL VESTER COKER

No. 298A88

(Filed 7 December 1989)

**Criminal Law § 213 (NCI4th) — statutory speedy trial right — exclusion of time for continuances — sufficient showing by State**

The trial court's denial of defendant's motion to dismiss a murder charge for failure to try him within the statutory 120-day speedy trial period was supported by the record, although the trial judge made no findings of fact to support his ruling, where 203 days elapsed between defendant's indictment and trial; the State carried its burden of going forward with evidence that nine continuances totalling 170 days granted to the State should be excluded from the speedy trial computation by producing facially valid orders for those continuances; defendant failed to produce evidence that those orders were invalid; defendant's allegation that all of the continuance motions and orders were not in the file reviewed by the trial judge in ruling on the motion was not supported by evidence in the record; and defendant was tried only 33 days after his indictment when the 170 days for continuances are excluded. N.C.G.S. § 15A-701(b)(1) and (b)(7).

**Am Jur 2d, Criminal Law § 863.**

APPEAL as of right pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of life imprisonment entered by *Stevens, J.*, at the 11 January 1988 Criminal Session of Superior Court, WAYNE County, upon a jury verdict of guilty of first-degree murder. Heard in the Supreme Court 12 October 1989.

*Lacy H. Thornburg, Attorney General, by Reginald L. Watkins, Special Deputy Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Staples Hughes, Assistant Appellate Defender, for defendant-appellant.*

MEYER, Justice.

Defendant's case was consolidated for trial with that of his codefendant, Ralph Harvey Barfield. The cases were tried as non-capital cases. Both defendants pled not guilty; however, after trial

to a jury, defendant Bill Vester Coker was found guilty as charged and Barfield was acquitted. Defendant received the mandatory life term. In his appeal to this Court, defendant brings forward only one assignment of error. We have performed a careful and thorough review of the record, and we conclude that this assignment of error should be overruled and that defendant received a fair trial free of prejudicial error.

The murder of which defendant was convicted grew out of a confrontation on a dirt road in Wayne County in the late afternoon. Defendant does not take issue with the presentation of the evidence in his case, and we perceive no need to discuss the facts of the case for purposes of this appeal. Defendant brings forth no assignment of error arising from his actual trial. The State's evidence of defendant's killing of an SBI informant whose testimony had been instrumental in defendant's arrest for a drug offense was overwhelming and included the testimony of numerous eyewitnesses. Defendant's argument relates to the trial court's decision to deny his pretrial motion to dismiss for violation of his right to a speedy trial under the Speedy Trial Act (the Act), N.C.G.S. ch. 15A, art. 35 (1988).[1] Defendant contends that the transcript of the hearing on his motion shows a summary denial by the trial judge despite the State's failure to meet the evidentiary burden placed on it by the Act, which specifies that the burden is upon the State to go forward with evidence concerning whether certain periods of time may properly be excluded in determining whether the State has exceeded the 120-day limit mandated by the Act.

Defendant places great emphasis on the fact that the transcript of the trial judge's consideration of defendant's motion to dismiss is brief and on the fact that the judge made no findings of fact to support his ruling. Essentially, the hearing on the motion to dismiss consisted of defense counsel's statement to the court, the district attorney's offering into evidence eighteen marked exhibits, the admission of these documents, and the court's ruling on the motion.

---

1. The Speedy Trial Act, article 35 of chapter 15A of the General Statutes, was repealed effective 1 October 1989. Defendant's rights must nevertheless be viewed in light of the law as it existed at the time of his trial. The Act required that the State try a defendant charged with a felony within 120 days from the date the defendant is arrested, served with criminal process, waives indictment or is indicted, whichever occurs last, unless that time is extended by events enumerated in N.C.G.S. § 15A-701(b). If the State fails to try a defendant within the mandated period, the charge must be dismissed.

STATE v. COKER

[325 N.C. 686 (1989)]

Our review of these exhibits reveals that the majority of them were superior court docket sheets. These docket sheets indicate, *inter alia*, the dates on which the orders on the State's motions to continue were signed and filed during the court sessions indicated. Our comparative analysis reveals that Exhibits 1 through 15 are docket sheets which directly correspond with the copies of the motions and orders for continuance (excluding 170 days) that were filed in the court file which was maintained for defendant's case. State's Voir Dire Exhibits 16 and 17 are copies of letters which relate to two conferences the district attorney apparently attended in September and October of 1987. State's Voir Dire Exhibit 18 is a clerk's minutes sheet and a marked superior court calendar for the 17 August 1987 Criminal Session of the Superior Court of Greene County. These latter three exhibits (16 through 18) appear to be irrelevant, as the period of time covered in the first two coincide with the period of time defendant's case was continued because of the ongoing trial of other cases in Wayne County and the last (18) relates to a calendar for *Greene* County which coincides with a period of time when the prosecutor was engaged in the trial of cases in Wayne County.

Defendant contends that the trial judge's failure to make specific findings in support of his ruling had the effect of making appellate review impossible and therefore entitled him to entry of an order granting his motion to dismiss. He maintains that the State has failed to carry its burden of proof because it cannot be determined from the record that the trial judge had access to the complete file, including all continuances that were filed. This assertion is based on the fact that the copy of the court file which was sent to the Office of the Appellate Defender failed to include the motions and orders the State relies on to support the trial court's ruling. Defendant argues that because the file sent to the Appellate Defender did not contain the motions and orders, it raises an inference that they were not in the file which the judge reviewed in ruling on his speedy trial motion.

The State submits, and we agree, that a thorough review of the record in this case fully supports the trial court's ruling. Defendant was arrested on 20 January 1987 and indicted on 22 June 1987. His trial began on 11 January 1988, 203 days after the indictment. The record reveals that the State made nine written motions to continue defendant's trial and that corresponding orders were

entered in accordance with proper procedure. The excluded periods were as follows:

| | |
|---|---|
| 22 June 1987—5 July 1987 | 13 days |
| 13 July 1987—26 July 1987 | 13 days |
| 31 July 1987—11 August 1987 | 11 days |
| 14 August 1987—14 September 1987 | 31 days |
| 14 September 1987—28 September 1987 | 14 days |
| 1 October 1987—18 October 1987 | 18 days |
| 19 October 1987—25 October 1987 | 6 days |
| 29 October 1987—7 December 1987 | 39 days |
| 10 December 1987—4 January 1988 | 25 days |
| TOTAL: | 170 days |

The reason given for delay in seven of the motions for continuance was the fact that other cases were in the process of being tried at that time. The Speedy Trial Act provides that a continuance necessitated by trial of other cases is an excludable period. N.C.G.S. § 15A-701(b)(7) (1988); *State v. Kivett*, 321 N.C. 404, 364 S.E.2d 404 (1988). Two of the motions requested continuances because defendant was in the process of being arraigned and thus could not yet be tried. The Act provides that any period of delay resulting from pretrial proceedings concerning the defendant shall be excluded from the computation. N.C.G.S. § 15A-701(b)(1) (1988). The orders granting these motions for continuance (as well as other such motions in other cases) recited that they were entered for the reasons set forth in the motions and found that "the ends of justice served by granting continuances in the cases listed [in the respective motions] outweigh the best interests of the public and defendants in a speedy trial." The Act specifies that any period of delay from a continuance granted by any judge is excluded if the judge finds that the ends of justice served outweigh the best interests of the public and the defendant in a speedy trial and sets forth in writing in the record the reasons for so finding. N.C.G.S. § 15A-701(b)(7) (1988).

The total time excluded due to these continuances covered by Exhibits 1 through 15 was 170 days. Subtracting 170 days from the total number of days which elapsed between the day of indictment and the trial date, 203 days, leaves only 33 days, a period well within the 120-day mandate of the Act. This Court has previously decided that such a showing is all that is necessary: "By producing the orders for continuance, all entered for facially valid reasons, the State carried its burden of going forward with evidence to

STATE v. COKER

[325 N.C. 686 (1989)]

show that the continuance periods should be excluded from the computation." *State v. Kivett*, 321 N.C. at 409, 364 S.E.2d at 407. Several of the orders granting continuances specifically directed that they "be filed with the Clerk's minutes and copies filed in each case file listed in this Order."

Rule 11(c) of the North Carolina Rules of Appellate Procedure provides that if the parties are unable to agree on the record on appeal, it is the duty of the trial judge to settle the record. At the hearing to settle the record on appeal in this case, the State offered evidence which tended to show the customary practice in Superior Court, Wayne County, regarding the filing of court records, including continuances in particular. The original document is placed in the clerk's minutes, while a copy is placed in the defendant's case file. The Wayne County Deputy Clerk of Superior Court testified that there were about sixty documents in the defendant's case file, excluding subpoenas and settlement documents. Twenty-one pages consisted of continuance motions. Defendant does not now challenge the clerk's filing procedure or the testimony in this regard, nor does he claim any wrongdoing on the part of the clerk's office.

The trial judge made the following findings of fact at the conclusion of the hearing to settle the record on appeal:

1. That at the time the Court originally ruled on the Speedy Trial Motion the Court had reviewed the file including the existing continuances before it made it's [sic] ruling;

2. That the Court was aware of the substance contained in the Speedy Trial Motion, having discussed the same with counsel for the defendant, Mr. Gene Braswell; and the District Attorney, Mr. Donald Jacobs, in chambers and prior to this cause coming on to be heard;

3. That the Court's recollection is specific as to these conversations, except as to the exact time and place, but the Court recollects conversing with both counsel extensively about the matter;

4. That the Court examined the file in this case, as was its custom and practice in such instances, fully and completely due to the nature and gravity of the case;

5. That there was sufficient evidence in the knowledge of the Court, including the file, the minutes of the Court, and statement of counsel, upon which the Court made its ruling being fully aware of the contents of the motion.

That upon the foregoing, the Court concludes and so finds as a fact that it had sufficient knowledge of the facts and proceedings surrounding the Speedy Trial Motion when it originally ruled, whether contained in the minutes, whether contained in statements made by counsel for the State or the Defendant, or whether contained in the records of the case, to make findings of fact based upon this evidence and did so in substantial compliance with the law of the State of North Carolina, in holding that the Speedy Trial Law did not apply to the Defendant Coker. The Court further finds from the evidence that there was no tampering with the files in this case nor was such alleged or suggested.

That the Court hereupon incorporates and finally adjudges and decrees that the entire record on file as it now exists to be the Record of the Case on Appeal which includes minutes or other entries which may not have been forwarded to the Appellate Defender by the Clerk of Superior Court of Wayne County. The Court further takes judicial notice of the same as being now fully completed and finalized.

These findings are supported by the evidence presented at the hearing to settle the record held by Judge Stevens on 21 November 1988, as reflected in the fifty-eight page transcript of that hearing.

Defendant argues that since the trial judge's finding was that he had "reviewed the file including *the existing continuances* before . . . ruling" (emphasis added), this amounted to a declaration by the judge that he would take judicial notice of whatever was in the clerk's records, whether he had yet considered them or not. Defendant fears such an application of the doctrine of judicial notice will abrogate the statutory burden placed upon the State. We do not find defendant's argument persuasive. By producing the facially valid orders for continuance, it is clear that the State has carried its burden of showing that the stated periods of time should be excluded from the 120-day computation. *State v. Kivett*, 321 N.C. at 409, 364 S.E.2d at 407. It is now incumbent upon defendant to support his allegation, unsupported by the evidence before us, that the trial judge did not in fact review everything now in the

STATE v. COKER

[325 N.C. 686 (1989)]

record to support his findings. The Speedy Trial Act provides that "[t]he defendant shall have the burden of proof of supporting [the] motion [for dismissal]" alleging a violation of the Act. N.C.G.S. § 15A-703(a) (1988).

In *Kivett*, the defendant argued that 154 days should not be excluded from the computation because there were no findings supporting the judge's conclusion that the ends of justice would be served by doing so. *Kivett*, 321 N.C. 404, 364 S.E.2d 404. This Court found that the State had carried its burden by producing orders for continuances entered for facially valid reasons, and absent evidence produced by defendant, the Court would not assume that other cases were not in fact being tried, that the State was trying cases of more recent origin, or that the cases being tried were not sufficiently significant to merit being tried ahead of the one in question. *Id.* at 409, 364 S.E.2d at 407.

This Court has consistently held that findings of fact made by a trial court are conclusive on appeal if supported by the evidence. *State v. Miller*, 321 N.C. 445, 364 S.E.2d 387 (1988). "While the better practice is for the court to make findings of fact, the court's failure to make findings does not constitute reversible error when it is apparent the court determined the State carried its burden of proof under G.S. 15A-703(a)." *State v. Waller*, 77 N.C. App. 184, 187, 334 S.E.2d 796, 798 (1985), *cert. denied*, 315 N.C. 396, 338 S.E.2d 886 (1986).

The record in this case unequivocally shows that the State did indeed file nine facially valid motions for continuance in defendant's trial and that orders granting such motions were signed and filed with the clerk. There is a presumption that the court's record speaks the truth. *Jones v. Jones*, 241 N.C. 291, 85 S.E.2d 156 (1955). The trial judge's findings in the hearing to settle the record on appeal are supported by the evidence. We find no reason to disturb these findings on appeal, and we therefore decline to do so.

We conclude that defendant received a fair trial free of prejudicial error.

No error.