STATE OF NORTH CAROLINA v. DENNIS GENE TAYLOR

No. 8127SC872

(Filed 16 February 1982)

**1. Criminal Law § 42.2— articles connected with the crime—authentication**

In an armed robbery prosecution in which evidence was presented that defendant robbed a store with a .45 caliber pistol while wearing a green army jacket and that he obtained cash from the store's cash register, a .45 caliber pistol, a green army jacket and $89 in currency found by an officer in defendant's car an hour after the robbery were properly admitted into evidence, even without direct evidence that those articles were the ones possessed or taken by the perpetrator, where the officer identified each article as one he removed from defendant's car and testified that each article had been in his possession or custody since that time.

**2. Criminal Law § 101.4— taking exhibits into jury room—objection by defendant —harmless error**

The trial court violated G.S. 15A-1233(b) in permitting the jury, over defendant's objection, to take into the jury room photographs which had been admitted into evidence, but such error was not prejudicial to defendant.

APPEAL by defendant from *Burroughs, Judge.* Judgment entered on 26 March 1981 in Superior Court, GASTON County. Heard in the Court of Appeals on 2 February 1982.

Defendant was charged in a proper bill of indictment with armed robbery. Upon a plea of not guilty, defendant was found guilty as charged. From a judgment imposing a prison sentence of not more than 25 nor less than 12 years, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Marilyn R. Rich, for the State.*

*Assistant Public Defender Kellum Morris, for defendant appellant.*

HEDRICK, Judge.

[1] In his first assignment of error, defendant argues that "the court committed error in permitting the State to enter certain articles into evidence without first requiring the State to lay the proper foundation for their admission." Defendant's contention is that the requisite foundation must include testimony that the articles admitted, here a .45 caliber automatic pistol, a green army

jacket, and $89 in currency, were identical with or similar to the articles used or taken by the actual culprit when he committed the crime.

"Real evidence is that evidence which is provided by producing for inspection at trial a particular item rather than having witnesses describe it." *State v. Barfield*, 298 N.C. 306, 336, 259 S.E. 2d 510, 533 (1979), *cert. denied*, 448 U.S. 907, 65 L.Ed. 2d 1137, 100 S.Ct. 3050 (1980). A two-pronged foundation must be laid before such evidence is properly received in evidence; first, the item which is offered must be identified as being the same object involved in the incident at issue; second, it must also be shown that since the incident in which it was involved, the object has undergone no material change in its condition. *State v. Barfield, supra.* "The trial judge possesses and must exercise sound discretion in determining the standard of certainty that is required to show that the object which is offered is the same object involved in the incident in issue and that the object is in an unchanged condition." *State v. Barfield, supra* at 336, 259 S.E. 2d at 533.

In the present case, the State presented evidence that at around 9:30 p.m. on 15 January 1981 a man (identified as defendant) wearing a green army field jacket and wielding a .45 caliber automatic pistol demanded and received from the proprietor of the Little Giant Store the cash in the store's cash register, that this man was seen an hour later in a 1970 Camaro which had been spotted at the scene of the robbery, and that the Camaro, then occupied by defendant, contained within it a .45 caliber automatic pistol, a green army jacket, and $89 in cash. The pistol was admitted into evidence after Officer Robert Johnston, the person who found the challenged articles in defendant's automobile, testified that it was the one he took out of the Camaro on 15 January 1981. Likewise, the green army jacket was admitted after Officer Johnston testified that it was the one he had removed from the automobile and that it had been in his possession or custody since 15 January 1981. Finally, the challenged currency was admitted after Officer Johnston testified that it was the currency he removed from the Camaro on 15 January 1981 and that it had been in his custody since that day. The State, therefore, laid a proper foundation authenticating the challenged articles as being the actual articles testified to as having been found in defendant's 1970 Camaro. Testimony that such articles were found in the

State v. Taylor

defendant's car was admissible, even without presenting direct evidence that these articles were the very ones possessed by the culprit at the time of the crime; similarly, the articles which are the subject of such testimony, when properly authenticated as here, are themselves admissible as real evidence. This assignment of error is overruled.

[2] Defendant next assigns as error the court's permitting the jury, over his objection and without his consent, to take into the jury room two photographs of the interior of defendant's 1970 Camaro and the currency and pistol located therein, and another photograph of the Camaro, all of which were admitted into evidence.

G.S. § 15A-1233(b) permits a judge, when the jury so requests and all parties consent thereto, to allow the jury to take into the jury room exhibits and writings which have been received in evidence. In the present case, defendant objected to the jury's taking exhibits with it into the jury room and the court violated G.S. § 15A-1233(b) in allowing the exhibits to go into the jury room. Such statutory violations by the trial court, however, are corrected by the appellate division, only when they prejudice the defendant. G.S. § 15A-1442(6). Such prejudice obtains only when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises; the burden of showing such prejudice is upon the defendant. G.S. § 15A-1443(a). Defendant has not even suggested how the court's allowing these photographs, which had already been submitted as evidence for the jury's consideration, into the jury room caused him any prejudice. This assignment of error has no merit. *See State v. Prince*, 49 N.C. App. 145, 270 S.E. 2d 521 (1980); *State v. Bell*, 48 N.C. App. 356, 269 S.E. 2d 201, *appeal dismissed and disc. rev. denied*, 301 N.C. 528, 273 S.E. 2d 455 (1980).

We hold defendant had a fair trial free of prejudicial error.

No error.

Judges HILL and BECTON concur.