STATE OF NORTH CAROLINA v. GILBERT LEROY CAMERON

No. 8423SC330

(Filed 19 February 1985)

**1. Indictment and Warrant § 17.4— ownership of property stolen—variance between indictment and proof not fatal**

There was no fatal variance between the indictment, which alleged that the house of "Mrs. Narest Phillips" was broken into and items of property belonging to her were stolen, and the proof, which showed that the victim of the crimes in question was "Mrs. Ernest Phillips," since the names were suffi-

ciently similar to fall within the doctrine of *idem sonans*, and the variance was immaterial.

2. **Criminal Law § 34.8— evidence of other offenses—admissibility to show common plan**

   In a prosecution for breaking or entering and larceny the trial court did not err in allowing into evidence the testimony of a State's witness that he and defendant committed at least five other similar break-ins in the county and surrounding area, since such evidence was admissible to show a common plan embracing a series of related crimes; moreover, defendant originally opened the door to the testimony and invited it where he elicited the testimony to show the witness's motive for testifying against him.

3. **Burglary and Unlawful Breakings § 1; Larceny § 1— breaking or entering—no lesser offense of larceny**

   Breaking or entering is not a lesser included offense of felonious larceny.

APPEAL by defendant from *Freeman, Judge.* Judgment entered 13 December 1983 in Superior Court, WILKES County. Heard in the Court of Appeals 8 January 1985.

*Attorney General Rufus L. Edmisten by Assistant Attorney General Guy A. Hamlin for the State.*

*Appellate Defender Adam Stein by James R. Glover for defendant appellant.*

COZORT, Judge.

The defendant was convicted of breaking or entering and felonious larceny and sentenced to two consecutive terms of ten years' imprisonment. The defendant contends on appeal: (1) that there was a fatal variance between the indictment and the proof at trial as to the identity of the owner of the building and the property stolen, and (2) that the trial court improperly admitted evidence of offenses committed by the defendant other than the ones charged in the indictment. He also maintains that he was wrongfully convicted of both offenses and should not have received consecutive sentences on the theory that breaking or entering should be a lesser included offense of felonious larceny. We hold the defendant's trial was free from prejudicial error. The facts follow.

Mrs. Mary Belle Phillips owned a house on Cole Street in North Wilkesboro. While she was visiting her daughter in Bur-

lington, Robert Rogers agreed to keep an eye on her house. On 1 February 1982, Rogers stopped to check on the house and discovered that since his last visit, approximately one week earlier, the house had been broken into through the back door, the furniture had been moved about, and drawers had been emptied onto the floor. Rogers went next door and had a neighbor call the police.

Detective Captain David Pendry of the North Wilkesboro Police Department answered the call and came to Mrs. Phillips' house to investigate the alleged break-in. He found the house in the same state as Rogers had found it. Mrs. Phillips was notified and returned that day with her daughter to North Wilkesboro. They made a list of the items that were missing and gave it to Captain Pendry. The missing items included a color television set, a love seat, a wingback chair, towels, china, and stainless steel flatware.

Almost a year later, on 26 January 1983, Danny Hawkins, who had been confined in the Wilkes County Jail on a first-degree burglary charge, asked to speak with Captain Pendry. Hawkins told Pendry that he, the defendant, and a man named Charlie Reavis committed the Phillips' house break-in. He also confessed to a series of other break-ins that he and the defendant had committed. This information confirmed what Pendry's own investigation had indicated.

At trial, Hawkins testified that he helped the defendant and Reavis only after the defendant had threatened to hurt him if he refused. He stated that they went to Mrs. Phillips' house in the defendant's Cadillac. Reavis drove the car around while the defendant and Hawkins broke into the house through the back door. They carried out of the house and down an embankment a television, a chair, a love seat, dishes, flatware, as well as other items. They placed the stolen goods into the Cadillac which Reavis had waiting.

Hawkins further revealed that the defendant sold the love seat to a man who lived in Moravian Falls, and gave the defendant's trailer park landlord the stolen wingback chair. He further stated that on the defendant's instruction he threw the stolen china into the river off a bridge on Brown's Ford Road. Hawkins took Captain Pendry to each of these places. Pendry retrieved these items and returned them to Mrs. Phillips. Moreover, Haw-

kins testified on cross and redirect examinations that he and the defendant had committed three other break-ins in Wilkes County, one break-in in Alleghany County, and one break-in in Ashe County.

The defendant offered no evidence.

[1]  In his first assignment of error, the defendant asserts that the trial court improperly denied his motion to dismiss due to a fatal variance between the owner of the stolen property alleged in the indictment and the owner of the property actually proven at trial. The indictment against the defendant contains one count of breaking or entering "a building occupied by Mrs. Narest Phillips used as a residence located at Coles Street" and one count of felonious larceny involving "the personal property of Mrs. Narest Phillips." At trial, Mrs. Mary Belle Phillips, widow of Dr. Ernest Nicholas Phillips, testified that it was her home on Cole Street which was broken into and her personal property which was stolen.

The defendant, citing State v. Eppley, 282 N.C. 249, 192 S.E. 2d 441 (1972), correctly states in his brief that a material variance exists, requiring dismissal of the charge, when the evidence at trial shows the property to be owned by someone other than the person named in the indictment. In Eppley, the indictment alleged that two shotguns belonging to James Ernest Carriker were stolen. Carriker testified at trial that one of the shotguns was actually the property of his father. The Supreme Court held the variance between the indictment and the evidence with regard to this shotgun to be fatal.

In the present case, the person alleged as the owner of the house and the stolen property in the indictment is the same person as indicated as the owner by the evidence at trial. The indictment names the victim of these crimes as "Mrs. Narest Phillips." At trial, the evidence revealed the victim to be "Mrs. Ernest Phillips." Therefore, these names are sufficiently similar to fall within the doctrine of idem sonans, and the variance was immaterial. The record reveals that the proof at trial matched the allegations in the indictment in all other respects. Thus, the defendant was not surprised or placed at any disadvantage in preparing his defense to the crimes charged in the indictment. Because the variance is wholly immaterial, we hold the trial court

properly denied the defendant's motion to dismiss. *See State v. Isom*, 65 N.C. App. 223, 226, 309 S.E. 2d 283, 285 (1983).

[2] The defendant further contends that the trial court erred in allowing into evidence the testimony of a State's witness, Danny Hawkins, that he and the defendant committed at least five other similar break-ins in Wilkes County and the surrounding area. As a general rule, the State in the prosecution for a particular crime cannot offer evidence tending to show that the accused has committed another distinct, independent or separate offense. *State v. McClain*, 240 N.C. 171, 173, 81 S.E. 2d 364, 365 (1954). However, evidence of these other crimes is admissible "when it tends to establish a common plan or scheme embracing the commission of a series of crimes so related to each other that proof of one or more tends to prove the crime charged and to connect the accused with its commission." *Id.* at 176, 81 S.E. 2d at 367. Although we believe Hawkins' testimony was admissible as evidence tending to show a common plan embracing a series of related crimes, we find it unnecessary to determine the admissibility of Hawkins' testimony on this basis alone.

From our review of the transcript, it is evident that the defendant originally opened the door to this testimony and invited the testimony of which he now complains. On cross-examination, the defendant elicited the following testimony from Hawkins:

Q. [Defense counsel] Let's see, you've admitted to breaking and entering and committing larceny, burglarizing about four homes over in North Wilkesboro, haven't you?

[Prosecution]: Are you asking him if he has been convicted of it, or what?

[Defense counsel]: I'm asking him if he did it.

Q. And you admit it, don't you?

A. Yes.

*    *    *    *

Q. You haven't been charged with any of those that you've admitted to David Pendry, have you?

A. No.

\*   \*   \*   \*

Q. And there is about four or five of those houses that you broke into and told, or confessed, about?

A. *Well, that Cameron and I broke into. Yes.* (Emphasis added.)

\*   \*   \*   \*

Q. And you admitted to burglarizing and breaking into a house in Ashe County, and you haven't been charged with it, have you?

A. No, sir.

Q. And you've admitted burglarizing and breaking and entering a house in Alleghany County, or houses, and you haven't been charged with those cases, have you?

\*   \*   \*   \*

A. No.

As stated in *State v. Brown*, 310 N.C. 563, 571, 313 S.E. 2d 585, 590 (1984), "[t]he basis for the rule commonly referred to as 'opening the door' is that when a defendant in a criminal case offers evidence which raises an inference favorable to his case, the State has the right to explore, explain or rebut that evidence." The defendant elicited this testimony to show Hawkins' motive for testifying against him. Therefore, the State could in return properly explore and further explain that evidence.

In response to this cross-examination, the State on redirect asked Hawkins: "All right, Danny, you were asked if you had admitted to committing three or four break ins in Wilkesboro — who was with you when you committed those break ins, Danny?" Over the defendant's objection, Hawkins answered: "Gilbert Cameron." The State also asked Hawkins about the Ashe and Alleghany break-ins. Again, over the defendant's objection, Hawkins replied that the defendant had been with him on each occasion. Thus, the State only explored those break-ins that the defendant had already mentioned on cross-examination. We hold that since the defendant had previously opened the door with regard to these

offenses, the trial court did not commit prejudicial error by allowing Hawkins' similar testimony on redirect examination. Also, because Hawkins actually stated on cross-examination that the defendant had been his accomplice in these other crimes, the defendant lost the benefit of his later objections to evidence of the same import. *State v. Covington*, 290 N.C. 313, 339, 226 S.E. 2d 629, 647 (1976).

[3] Finally, the defendant argues that breaking or entering is a lesser included offense of felonious larceny, and that he could not properly be convicted and sentenced consecutively for both. Current law, as the defendant admits in his brief, is to the contrary. At present, breaking or entering is not a lesser included offense of felonious larceny. *State v. Downing*, 66 N.C. App. 686, 311 S.E. 2d 702, *disc. rev. allowed*, 312 N.C. 86 (1984); *State v. Smith*, 66 N.C. App. 570, 312 S.E. 2d 222, *disc. rev. denied*, 310 N.C. 747, 315 S.E. 2d 708 (1984). We note, however, that in *State v. Edmondson*, 70 N.C. App. 426, 430, 320 S.E. 2d 315, 318 (1984), *disc. rev. allowed*, 312 N.C. 799 (1985), this Court found "considerable merit" in the defendant's argument that felonious breaking or entering is indeed a lesser included offense of felonious larceny. Nevertheless, following precedent, the *Edmondson* court held that the defendant's conviction of both crimes was not error. The Supreme Court's allowance of discretionary review in *Edmondson* and *Downing*, should resolve this issue. Until the Supreme Court reverses *Edmondson* or *Downing*, we follow the law as it stands and hold that the defendant was properly convicted and sentenced for both crimes.

No error.

Judges ARNOLD and WELLS concur.