STATE v. MASON

[222 N.C. App. 223 (2012)]

STATE OF NORTH CAROLINA v. TYRECE DEMONT MASON

No. COA11-1563

(Filed 7 August 2012)

**1. Appeal and Error—preservation of issues—variance between name of victim in indictment and at trial**

Although defendant contended the trial court erred by denying his motion to dismiss the charges of robbery with a firearm based on the variance between the name of the victim alleged in the indictment and at trial, defendant failed to preserve this argument for appellate review. Even assuming *arguendo* that defendant preserved this issue for appeal, it would have had no merit.

**2. Robbery—firearm—motion to dismiss—alleged variance between evidence and jury instructions—invited error**

The trial court did not err by denying defendant's motion to dismiss the charges of robbery with a firearm even though defendant contended there was a variance between the evidence at trial and the jury instructions. Although defendant contended the trial court should have dismissed the charge of robbery with a firearm and instructed the jury on attempted robbery with a firearm, defendant could not show prejudice. The punishment for both was identical. Further, defense counsel objected to the State's request for an instruction on attempted robbery with a firearm at trial.

**3. Robbery—firearm—motion to dismiss—sufficiency of evidence—taking—perpetrator**

The trial court did not err by denying defendant's motion to dismiss the charges of robbery with a firearm based on alleged insufficient evidence. Viewed in the light most favorable to the State, there was substantial evidence to show an actual taking of property. Further, defendant was present during the robbery and the State presented evidence that he participated in the robbery by rifling through the victim's pockets.

**4. Constitutional Law—right to confrontation—statements of unidentified interpreter—corroboration**

The trial court did not violate defendant's right to confront witnesses in a robbery with a firearm case by admitting statements of an unidentified interpreter. The testimony was not admitted for the purpose of establishing the truth of the matter

asserted, but rather was admitted solely for the purpose of corroboration.

**5. Accomplices and Accessories—acting in concert—jury instruction—mere presence**

The trial court did not err in a robbery with a firearm case by denying defendant's request for a "mere presence" instruction to the jury. The trial court's instructions on acting in concert in the instant case required a finding by the jury that defendant joined in or shared a common plan to commit the robbery.

**6. Evidence—sending exhibits to jury room—playing back testimony—no coercion**

The trial court did not err in a robbery with a firearm case by sending exhibits back to the jury room over defendant's objection, nor did it improperly coerce a verdict by playing back certain testimony. Although it was error for the trial court to send the exhibits back to the jury room without defendant's consent, there was no prejudice. Further, the trial court's actions were not coercive and did not improperly force the jury to reach a verdict.

Appeal by defendant from judgment entered 28 April 2011 by Judge Robert H. Hobgood in Durham County Superior Court. Heard in the Court of Appeals 25 April 2012.

*Attorney General Roy Cooper by Assistant Attorney General Steven Armstrong for the State.*

*Brock, Payne & Meece, P.A. by C. Scott Holmes for defendant-appellant.*

STEELMAN, Judge.

Defendant failed to preserve his argument as to a variance in the victim's name. Where the State presented evidence that a cell phone was taken from the victim, the trial court properly denied defendant's motion to dismiss. Where the State presented evidence that, while the other robber held a gun on the victim, defendant rifled through his pockets, the trial court properly denied defendant's motion to dismiss. Where the police officer testified as to the victim's statements at the scene of the robbery obtained through a telephonic translation service, and the testimony was received only for corroboration purposes, it did not violate defendant's constitutional right of confrontation. Where the trial court charged the jury on the theory of

**STATE v. MASON**

[222 N.C. App. 223 (2012)]

"acting in concert," it was not error to decline to charge the jury on "mere presence." While it was error for the trial court to send exhibits to the jury deliberation room over defendant's objections, the error was not prejudicial. The trial court did not coerce the jury into a unanimous verdict by playing back testimony and giving an *Allen* charge.

## I. Factual and Procedural Background

On the evening of 10 December 2009, two young men approached Lin You Xing (Lin), owner of a Chinese restaurant in Durham, in the restaurant parking lot. One man had a gun and put his hand into Lin's pocket. He found a cell phone in the pocket and threw it away. Durham Police Officer McQueen (Officer McQueen) drove by during the robbery and saw Tyrese Mason (defendant) with his hands in Lin's pockets. The robber with the gun ran when he saw the police. A police canine located the discarded gun nearby. Lin and his brother held defendant until police arrested him.

The police interviewed Lin through a telephone service known as "Language Line." Defendant testified at trial that he and another man had just been dropped off in front of the Chinese restaurant when the other man ran up to Lin, pointed a gun at Lin, and proceeded to rob Lin.

A jury found defendant guilty of robbery with a firearm. The trial court sentenced defendant to an active term of imprisonment of 42-60 months. This sentence was from the mitigated range.

Defendant appeals.

## II. Denial of Motion to Dismiss

In his first argument, defendant contends that the trial court erred in denying his motion to dismiss the charges. This argument is made in three parts: (1) there was a variance between the name of the victim alleged in the indictment and at trial; (2) there was a variance between the evidence at trial and the jury instructions; and (3) sufficiency of the evidence. We disagree with all three bases of defendant's argument.

### A. Standard of Review

Since defendant offered evidence following the denial of his motion to dismiss at the close of the State's evidence, we only review his motion to dismiss made at the close of all the evidence. *State v. Bruce*, 315 N.C. 273, 280, 337 S.E.2d 510, 515 (1985). "[I]n ruling on a motion to dismiss, the trial court must

determine whether there is substantial evidence of each essential element of the crime and whether the defendant is the perpetrator of that crime." *State v. Ford,* 194 N.C. App. 468, 472-73, 669 S.E.2d 832, 836 (2008) (quoting *State v. Everette,* 361 N.C. 646, 651, 652 S.E.2d 241, 244 (2007)). On appellate review, this Court "must view the evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference." *State v. Locklear,* 322 N.C. 349, 358, 368 S.E.2d 377, 382-83 (1988) (citing *State v. Williams,* 319 N.C. 73, 79, 352 S.E.2d 428, 432 (1987)). "If there is substantial evidence—whether direct, circumstantial, or both—to support a finding that the offense charged has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied." *Locklear,* 322 N.C. at 358, 368 S.E.2d at 383 (citation omitted). Further, "[t]he defendant's evidence, unless favorable to the State, is not to be taken into consideration." *State v. Jones,* 280 N.C. 60, 66, 184 S.E.2d 862, 866 (1971). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Earnhardt,* 307 N.C. 62, 66, 296 S.E.2d 649, 652 (1982) (quoting *State v. Smith,* 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980)).

*State v. Banks,* _____ N.C. App. _____, _____, 706 S.E.2d 807, 812 (2011) (alterations in original).

### B. Variance in Name of Victim

**[1]** Defendant must preserve the right to appeal a fatal variance. *See State v. Pickens,* 346 N.C. 628, 645, 488 S.E.2d 162, 172 (1997) ("Regarding the alleged variance between the indictment and the evidence at trial, defendant based his motions at trial solely on the ground of insufficient evidence and thus has failed to preserve this argument for appellate review."); *State v. Roman,* _____ N.C. App. _____, _____, 692 S.E.2d 431, 433 (2010); N.C.R. App. P. 10(a)(1) (2011).

Defendant moved to dismiss at the close of the State's evidence on the grounds that the State's evidence was insufficient to show a taking, that the gun was operational, and that defendant was the perpetrator of the offense. Defendant renewed this motion at the close of all evidence. Fatal variance was not a basis of his motions to dismiss.

Defendant failed to preserve this argument for appellate review, and it is dismissed. Even assuming *arguendo* that defendant preserved this issue for appeal, it would have no merit.

Defendant argues that there was a fatal variance between the name of the victim in the indictment and the evidence at trial. The indictment alleged that the victim's name was You Xing Lin, but the person who testified at trial was Lin You Xing. In *State v. Cameron*, the indictment stated that the name of the victim was "Mrs. Narest Phillips," and at trial, the evidence showed the victim to be "Mrs. Ernest Phillips." *State v. Cameron*, 73 N.C. App. 89, 92, 325 S.E.2d 635, 637 (1985). We held that a variance in names between the indictment and at trial was immaterial because the defendant "was not surprised or placed at any disadvantage in preparing his defense to the crimes charged in the indictment." *Id.* We hold that, in the instant case, defendant was not "surprised or placed at any disadvantage" by this variance due to the fact the name was the same but in a different order.

## C. Variance in Evidence

[2] Defendant next argues that the trial court erred in denying his motion to dismiss the charge of robbery with a firearm because there was a variance between the theory of guilt contained in the trial court's instruction to the jury and the evidence at trial. Defendant contends that, because the indictment alleged an actual taking of the property and actual possession of a gun by defendant, and the evidence showed that there was not an actual taking of the property, the trial court should have dismissed the charge of robbery with a firearm and instructed the jury on attempted robbery with a firearm.

N.C. Gen. Stat. § 14-87(a) defines robbery with firearms or other dangerous weapons as:

> Any person or persons who, having in possession or with the use or threatened use of any firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another or from any place of business, residence or banking institution or any other place where there is a person or persons in attendance, at any time, either day or night, or who aids or abets any such person or persons in the commission of such crime, shall be guilty of a Class D felony.

N.C. Gen. Stat. § 14-87(a) (2011). The statute defines two crimes: armed robbery and attempted armed robbery. The jury was instructed solely on the theory of a completed robbery with a firearm together with an acting in concert instruction. Defendant argues that there was no actual "taking" of property and that, in the light most favorable to the State, all of the evidence shows only an attempted taking.

Taken in the light most favorable to the State, there was sufficient evidence presented of all of the elements of completed robbery, and the trial court's instruction to the jury was proper. The only element at issue is the taking of property. The State's evidence was that the robber with the gun reached into Lin's pocket, grabbed Lin's cell phone, and threw it away. Officer McQueen testified that he saw defendant's hands in Lin's pockets.

Defendant argues that there was no taking of the cell phone to show a completed robbery. The fact that the "taking" was for a relatively short period of time is insignificant. *State v. Lawrence* holds that even if something is forcibly removed from or surrendered by a victim for a short amount of time, such an act still constitutes a taking. *State v. Lawrence*, 262 N.C. 162, 166, 136 S.E.2d 595, 598 (1964). An analogous situation is found in the case of *State v. Simmons*, 167 N.C. App. 512, 606 S.E.2d 133 (2004). In *Simmons*, the defendant slapped a cellular phone out of the victim's hand and returned it to the victim shortly thereafter. *Simmons*, 167 N.C. App. at 514-15, 606 S.E.2d at 135. We held that

> [t]he evidence that defendant returned the phone within a few days tends to contradict the circumstantial evidence of defendant's intent at the time of the taking. However, this evidence supporting a contradictory inference is not determinative on a motion to dismiss because defendant's intent at the time of the taking is an issue for the jury to resolve.

*Simmons*, 167 N.C. App. at 521, 606 S.E.2d at 139. Thus, what is relevant is whether the State offered sufficient evidence to support the trial court's jury charge. In the instant case, there was sufficient evidence presented.

We further note that defendant can show no prejudice. The punishment for attempted robbery with a firearm is identical to that for robbery with a firearm. Additionally, at trial, defense counsel objected to the State's request for an instruction on attempted robbery with a firearm. This constitutes an invited error. Under the doctrine of invited error, a "defendant is not prejudiced by the granting of relief which he has sought or by error resulting from his own conduct." N.C. Gen. Stat. § 15A-1443(c) (2011). "[A] defendant may not decline an opportunity for instructions on a lesser included offense and then claim on appeal that failure to instruct on the lesser included offense was error." *State v. Walker*, 167 N.C. App. 110, 117,

605 S.E.2d 647, 653 (2004), *vacated in part on other grounds,* 361 N.C. 160, 695 S.E.2d 750 (2006) (alteration in original) (internal quotations marks omitted).

Defendant's argument is without merit.

### D.  Sufficiency of Evidence

**[3]** Defendant argues that the trial court improperly denied his motion to dismiss based on the sufficiency of the evidence upon two grounds: (1) no property was taken; and (2) there was no evidence that he was a perpetrator of the robbery. Defendant argues he was merely present at the scene, and there was insufficient evidence of the charge as a matter of law because the State did not provide substantial evidence of each essential element of any of the elements of the charge.

As discussed above, viewed in the light most favorable to the State, the State presented substantial evidence to show that there was an actual taking of property, and the trial court's denial of defendant's motion to dismiss was proper.

It is not necessary that defendant himself committed any of the actions of armed robbery if he acted in concert with another person.

> [I]f two persons join in a purpose to commit a crime, each of them, if actually or constructively present, is not only guilty as a principal if the other commits that particular crime, but he is also guilty of any other crime committed by the other in pursuance of the common purpose . . . or as a natural or probable consequence thereof.

*State v. Barnes,* 345 N.C. 184, 233, 481 S.E.2d 44, 71 (1997) (alterations in original) (internal quotation marks omitted). Further, "[c]onstructive presence is not determined by the defendant's actual distance from the crime; the accused simply must be near enough to render assistance if need be and to encourage the actual perpetration of the crime." *State v. Combs,* 182 N.C. App. 365, 370, 642 S.E.2d 491, 496, *aff'd,* 361 N.C. 585, 650 S.E.2d 594 (2007).

Taken in the light most favorable to the State, the evidence in this case supports the trial court's instruction to the jury of a completed robbery with a firearm under N.C. Gen. Stat. § 14-87(a). Defendant was actually present during the robbery, and the State presented evidence that he participated in the robbery by rifling through Lin's pockets.

STATE v. MASON

[222 N.C. App. 223 (2012)]

Defendant's argument is without merit.

### III.  Right to Confront Interpreter

[4]  In his second argument, defendant contends that the trial court violated his right to confront witnesses by admitting statements of an unidentified interpreter. We disagree.

### A.  Standard of Review

"When the Court reviews an alleged violation of a defendant's constitutional rights, the appropriate standard of review is *de novo*." *State v. Glenn*, ____ N.C. App. ____, ____, 725 S.E.2d 58, 61 (2012).

### B.  Analysis

At trial, Officer McQueen testified as to Lin's statements made at the scene of the robbery through "Language Line," telephone translation service. Officer McQueen used this service because Lin did not speak English, and McQueen did not speak Mandarin Chinese. Defendant objected to Officer McQueen's testimony on the grounds that it violated his constitutional right of confrontation and that it constituted double hearsay. The trial court instructed the jury that this evidence "is not being admitted into evidence for substantive purposes. It is not being admitted into evidence to prove the truth of any matter asserted. But it is being admitted into evidence for the limited purpose of corroboration[.]"

Defendant's argument that his right to confront a witness was denied is not applicable because the testimony of Officer McQueen was not admitted for the purpose of establishing the truth of the matter asserted, but rather was admitted solely for the purpose of corroboration. The Sixth Amendment's Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Crawford v. Washington*, 541 U.S. 36, 59-60, n.9, 158 L. Ed. 2d 177, 197-98, n.9 (2004).

"An exception to the new rule espoused in *Crawford* is a familiar one: where evidence is admitted for a purpose other than the truth of the matter asserted, the protection afforded by the Confrontation Clause against testimonial statements is not at issue." *State v. Walker*, 170 N.C. App. 632, 635, 613 S.E.2d 330, 333 (2005) (citing *Crawford*, 541 U.S. at 59-60, n.9, 158 L. Ed. 2d at 197-98, n.9). "[W]here the evidence is admitted for, *inter alia*, corroboration or the basis of an expert's opinion, there is no constitutional infirmity." *Walker*, 170 N.C. App. at 635, 613 S.E.2d at 333.

Similarly, Officer McQueen's testimony cannot be "double hearsay" because it was not admitted for the purpose of proving the truth of the matter asserted. "[O]ut-of-court statements offered for a purpose other than to prove the truth of the matter asserted are not hearsay[.]" *State v. Tellez*, 200 N.C. App. 517, 526, 684 S.E.2d 733, 739 (2009).

This argument is without merit.

## IV. Denial of Request for "Mere Presence" Instruction

**[5]** In his third argument, defendant contends that the court erred in denying his request for a "mere presence" instruction to the jury. We disagree.

### A. Standard of Review

A jury charge will be sufficient if it presents the law of the case in such a manner as to leave no reasonable cause to believe the jury was misled or misinformed. Refusal of a requested charge is not error where the instructions fairly represent the issues. The decision whether to give jury instructions is within the trial court's sound discretion, and will not be overturned absent an abuse of discretion.

*Osetek v. Jeremiah*, 174 N.C. App. 438, 440, 621 S.E.2d 202, 204 (2005) (citations omitted), *aff'd*, 360 N.C. 471, 628 S.E.2d 760 (2006).

### B. Analysis

In the case of *State v. Lundy*, 135 N.C. App. 13, 519 S.E.2d 73 (1999), the defendant requested a "mere presence" instruction in a case where a second-degree murder charge was submitted to the jury under an acting in concert theory. *Lundy*, 135 N.C. App. at 22, 519 S.E.2d at 81. This Court held:

From these instructions, the jury could reasonably infer that more than "mere presence" was necessary to find that defendant Evans acted in concert with defendant Lundy. The trial judge made it abundantly clear that to convict defendant Evans of second-degree murder under the theory that he "acted in concert" with defendant Lundy, the jury had to find beyond a reasonable doubt that defendant Evans joined in or shared a common plan with defendant Lundy to commit the offense. We, therefore, hold that the trial court's instruction on the doctrine of "acting in concert" was without legal error.

*Lundy*, 135 N.C. App. at 23, 519 S.E.2d at 82.

As in *Lundy*, the trial court's instructions on acting in concert in the instant case required a finding by the jury that defendant joined in or shared a common plan to commit the robbery.

This argument is without merit.

### V.  Actions of Trial Court During Jury Deliberations

**[6]** In his fourth argument, defendant contends that the trial court erred in sending exhibits back to the jury room over the objection of defendant and improperly coerced a verdict by playing back certain testimony. We agree that the trial court erred in sending exhibits back to the jury deliberation room over objection of defense counsel, but hold that this was not prejudicial. We disagree that the trial court's actions coerced a verdict from the jury.

### A.  Sending Exhibits to Jury Deliberation Room Over Objections of Defense Counsel

After deliberating for a period of time, the jury requested to review a number of exhibits. After consulting with counsel, outside of the presence of the jury, the trial court directed that the English translations of the statement of Lin and his brother, along with all defense exhibits, be sent back to the jury. Defense counsel objected.

"Upon request by the jury and with consent of all parties, the judge may in his discretion permit the jury to take to the jury room exhibits and writings which have been received in evidence." N.C. Gen. Stat. § 15A-1233(b) (2011). In this case, defendant did not consent to the exhibits going back to the jury room. It was error for the trial court to send the exhibits back to the jury room without defendant's consent.

However, this does not end our inquiry. Defendant must not only show error, but that he was prejudiced by the error. N.C. Gen. Stat. § 15A-1443(a).

> The statutory violation committed by a trial judge in allowing a witness' statement to go to the jury over objection is corrected by our Court only when it prejudices the defendant. *State v. Taylor*, 56 N.C. App. 113, 287 S.E.2d 129 (1982). "Such prejudice obtains only when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises; the burden of

showing such prejudice is upon the defendant." *Id.* at 115, 287 S.E.2d at 130–31.

*State v. Poe,* 119 N.C. App. 266, 273, 458 S.E.2d 242, 247 (1995). *See also State v. Thomas,* 132 N.C. App. 515, 518-19, 512 S.E.2d 436, 438 (1999) (noting that a defendant must show prejudicial error for a new trial).

Defendant makes no argument that he was prejudiced by the exhibits going back to the jury room, and, based upon our review of the record and transcript of this case, we discern no prejudice.

### B.  Playback of Testimony and *Allen* Charge

At the same time that the jury requested the exhibits, they also requested to hear again the trial testimony of Lin, his brother, and Officer McQueen. The trial court initially denied this request because it appeared that the court reporter would not be able to play back the testimony. After the exhibits were sent back, the jury continued its deliberations, but then sent out a note to the judge stating: "We are unable to reach an unanimous agreement on any verdict." The jury was brought into the courtroom. The trial judge inquired: "Do you feel that if I'm able to have witness testimony played over some type of device, that that would change the vote to a unanimous verdict?" The foreperson responded: "I. don't think it could hurt. I don't know. I can't—can't predict that." The jury was excused from the courtroom, and the trial court investigated whether there was any way to play back the testimony for the jury. After determining that it could be done, the testimony of Lin, his brother, and Officer McQueen were played back for the jury, over defendant's objection. The trial court then gave an *Allen*[1] charge to the jury in accordance with the provisions of N.C. Gen. Stat. § 15A-1235.

Defendant argues that the trial court erred in suggesting that the jury consider additional evidence and in giving the *Allen* charge. He contends that these actions coerced the jury into reaching a verdict.

In deciding whether the trial court coerced a verdict by the jury, the appellate courts must look to the totality of the circumstances. "Some of the factors considered are whether the trial court conveyed an impression to the jurors that it was irritated with them for not reaching a verdict and whether the trial court intimated to the jurors

---

1. *Allen v. United States,* 164 U.S. 492, 501-02, 41 L. Ed. 528, 530-31 (1896) (approving jury instructions that encourage the jury to reach a verdict after the jury requested additional instructions from the trial court).

that it would hold them until they reached a verdict." *State v. Porter*, 340 N.C. 320, 335, 457 S.E.2d 716, 723 (1995).

We hold that the trial court did not improperly coerce a verdict from the jury, based upon the totality of the circumstances. The trial court initially denied the jury's request to play back testimony, believing that it could not be technologically accomplished. Upon determining that the jury was deadlocked, the court made inquiry as to whether a play back of the testimony would help the jury reach a unanimous verdict. The foreperson indicated that it might help, and the court reporter found a way to play back the testimony. At that point, the trial court had the testimony of the three witnesses played back and delivered an *Allen* charge. Defendant does not challenge the content of the *Allen* charge. The actions of the trial court were not coercive and did not improperly force the jury to reach a verdict.

This argument is without merit.

## VI.   Conclusion

The trial court properly denied defendant's motion to dismiss at the close of all of the evidence. The trial court did not err in allowing Officer McQueen to testify to the statements of Lin obtained through the "Language Line" interpreter. It was not error to deny defendant's request for a jury instruction on "mere presence." The trial court erred in allowing exhibits to go back to the jury deliberation room over defendant's objection, but this error was not prejudicial. The trial court did not coerce the jury into reaching a unanimous verdict.

DISMISSED IN PART, NO PREJUDICIAL ERROR IN PART.

Judges CALABRIA and BEASLEY concur.