STATE OF NORTH CAROLINA
v.
BRAD DAMONE GREENLEE

No. COA12-419

Filed 7 May 2013

1. **False Pretense—motion to dismiss—stolen items sold to pawn shop**

    The trial court did not err by denying defendant's motion to dismiss two charges of obtaining property by false pretense in cases 10 CRS 64054 and 11 CRS 00066. There was sufficient evidence that the items sold by defendant to a pawn shop were stolen.

2. **False Pretense—motion to dismiss—acting in concert—no actual or constructive presence**

    The trial court erred by denying defendant's motion to dismiss the two charges of obtaining property by false pretenses in cases

---

**STATE v. GREENLEE**

[227 N.C. App. 133 (2013)]

11 CRS 50681 and 11 CRS 50682 based upon the theory of acting in concert. The State failed to present evidence of defendant's actual or constructive presence at the time his friend sold or pawned the item. The remaining cases were remanded for resentencing.

Appeal by Defendant from judgment entered 7 December 2011 by Judge James U. Downs in Buncombe County Superior Court. Heard in the Court of Appeals 28 November 2012.

*Attorney General Roy Cooper, by Assistant Attorney General Melody R. Hairston for the State.*

*Marie H. Mobley, for defendant-appellant.*

STEELMAN, Judge.

Considering the evidence presented by the State in the light most favorable to the State, there was sufficient evidence that the items sold by defendant to a pawn shop were stolen. The trial court did not err in denying defendant's motion to dismiss these two charges of obtaining property by false pretense. Where the State failed to present evidence of defendant's actual or constructive presence at the time Summers sold or pawned items, the trial court erred in denying defendant's motion to dismiss the other two charges of obtaining property by false pretense, which were based upon the theory of acting in concert.

## I. Factual and Procedural Background

On or about 4 November 2010, Richard Perkins noticed that the Global Positioning System (GPS) was missing from his motor vehicle. Mr. Perkins reported the theft to police, advising that the GPS was a TomTom, model number XL 335-s 4.3, with serial number RU3539A01739. On the morning of 4 November 2010, Matthew Shanor discovered that his GPS and digital camera were missing from his work truck. Mr. Shanor reported to police that the stolen GPS was a Magellan Roadmate 1424 with serial number 0789001642302. On 12 November 2010, Samantha Brackett discovered that a GPS and iPod Touch were missing from her motor vehicle. Ms. Brackett reported to police that the missing GPS was a Garmin NUVI 1300 with serial number INVG37535, and the iPod Touch had serial number 9C82913R14N. On or about 31 October 2010, Marcellus Fariss and Christopher O'Neil returned home to discover that there had been a break-in at their residence. They reported many items missing, including two watches, one of which was a men's Seiko sports

watch, and a Tascam eight-track digital recorder, model DP-008, with serial number DO, or D0, 1092520A. On 27 November 2010, Officer Meg Donahue completed two incident reports, one in response to a larceny from a motor vehicle belonging to David Carlos Bruner, and another in response to a theft reported by Craig Chenevert. Mr. Bruner reported that his Apple iPod, with serial number JQ531643S47, had been stolen, and Mr. Chenevert reported that his GPS, a Garmin NUVI 260 with serial number 17T486845, had been stolen. None of the victims to these thefts saw the person who stole the items.

Following these thefts, multiple items were sold or pawned by either defendant or Farron Lene Summers (Summers), at a pawn shop in Asheville. On 8 November 2010, defendant sold a TomTom GPS, model number N14644, with serial number RU3539A01739. On 26 November, defendant sold a Seiko watch and pawned a Tascam Pocket DP-008 studio recorder with serial number 0050869. On 15 November 2010, Summers sold a Magellan Roadmate GPS, model number 1424, with serial number 0789001642302, and an iPod Touch with serial number 9C82913R14N. On 28 November 2010, Summers sold a Garmin NUVI 260 GPS with serial number 17T486845, and an iPod 4 GB Classic with serial number JQ531G43S47. The documents submitted by defendant and Summers for each of these items stated: "The pledgor of the item(s) attests that it is not stolen, has no liens or encumbrances, and is the pledger's to sell or pawn." Both the defendant and Summers signed the documents for the items they sold or pawned.

Police investigators identified defendant and Summers as suspects in the thefts after matching some of the items reported stolen to those sold at the pawn shop. On 30 November 2010, Detective Matt Davis located defendant and Summers at the home of Summers' mother. Detective Davis spoke with defendant, who told him "that he was a drug dealer, that he sold crack cocaine in Pisgah View Apartments, and that several individuals . . . had the habit of trading items to him for crack." According to Detective Davis, defendant stated that "he didn't care whether [the items people would bring to him] were stolen or not, but he would take it if he thought he could make a profit off of it." Defendant also stated that he had asked Summers to sell items for him.

Summers' mother consented to a search of her home. She told the investigators that she "found some bags that were stuffed under a bed in the room where [defendant] was sleeping." The bags contained items similar to those previously sold, (power cords, iPod cords etc.), as well as a Garmin NUVI 1300 GPS with serial number 1NVG37535, and a Sony Walkman digital recorder.

Defendant was indicted on four counts of obtaining property by false pretense, two counts of conspiring to obtain property by false pretense, and one count of being an habitual felon. At the close of the State's evidence, the trial court granted defendant's motion to dismiss the two conspiracy counts. The jury found defendant guilty of the remaining four charges of obtaining property by false pretense. Defendant pled guilty to being an habitual felon. The trial court consolidated all of the convictions for judgment, found defendant to be a Level V offender for purposes of felony sentencing, and imposed an active sentence of 127-162 months.

Defendant appeals.

## II. Standard of Review

This Court reviews an appeal of a motion to dismiss *de novo*. *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). When ruling on a motion to dismiss, "the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert. denied*, 515 U.S. 1135, 132 L. Ed. 2d 818 (1995).

A motion to dismiss should be denied if "there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense." *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (quoting *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)), *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980).

Circumstantial evidence may be sufficient to support a conviction "even when the evidence does not rule out every hypothesis of innocence." *Fritsch*, 351 N.C. at 379, 526 S.E.2d at 455 (citations and quotations omitted).

> If the evidence presented is circumstantial, the court must consider whether a reasonable inference of defendant's guilt may be drawn from the circumstances. Once the court decides that a reasonable inference of defendant's guilt may be drawn from the circumstances, then it is for the jury to decide whether the facts, *taken singly or in*

*combination*, satisfy [it] beyond a reasonable doubt that the defendant is actually guilty.

*Id.* (citations and quotations omitted).

### III. Analysis

#### A. Sufficiency of the Evidence to Support Defendant's Convictions for Items sold by Defendant

**[1]** In his first argument, defendant contends that the trial court erred, in cases 10 CRS 64054 and 11 CRS 00066, in denying his motion to dismiss the charges, at the close of the State's evidence, based upon a lack of evidence that the items he sold were stolen. We disagree.

These two charges are based upon the defendant's sale of Perkin's TomTom GPS (case 10 CRS 64054), and Fariss' Seiko watch and O'Neil's Tascam recorder (case 11 CRS 00066). Defendant contends that the evidence presented by the State "only rises to the level of suspicion or conjecture, and is not sufficient to support a conviction."

With respect to case 10 CRS 64054, defendant argues that the model number of the TomTom GPS that Perkins reported missing differed from that shown on the sales documents completed by the defendant at the pawn shop.

While there was a variance between the model numbers of the GPS reported stolen by Perkins and that sold by defendant, the serial number of the stolen device was identical to that sold by defendant. Considering this evidence in the light most favorable to the State, and resolving any contradictions in its favor, the trial court did not err in denying defendant's motion to dismiss case 10 CRS 64054.

With respect to case 11 CRS 00066, defendant argues that the serial number contained in the incident report of O'Neil's Tascam Recorder differed from that shown on the sales documents completed by defendant at the pawn shop. Defendant also argues that the description of the watch in the incident report of, "Seiko dive watch with steel band...," is generic, while the description of the watch sold by defendant was of a specific watch, a Seiko 5 men's sports watch with serial number 861921.

While there was a variance between the serial number of the Tascam Recorder, the model number of the recorder reported stolen was identical to the one sold by defendant. Further, O'Neil testified that the 8 track pocket recorder was "a very uncommon piece of equipment." He identified a photograph of the recorder that had been sold and testified that he received his recorder back from the police.

Fariss testified that his Seiko sports watch was taken during the break-in. Chris Shepherd, an employee of the pawn shop testified that defendant sold the Seiko sports watch at the same time that he pawned the Tascam recorder, on 26 November 2010. Considering this evidence in the light most favorable to the State, and resolving any contradictions in its favor, the trial court did not err in denying defendant's motion to dismiss in case 11 CRS 00066.

Defendant's arguments regarding cases 10 CRS 64054 and 11 CRS 00066 are without merit.

### B. Sufficiency of the Evidence to Support Defendant's Convictions for Items Sold By Summers

[2] In his second argument, defendant contends that the trial court erred in denying his motion to dismiss the charges in cases 11 CRS 50681 and 11 CRS 50682 where the items were sold by Summers, because there was insufficient evidence that defendant and Summers acted in concert. We agree.

> [I]f two persons join in a purpose to commit a crime, each of them, if actually or constructively present, is not only guilty as a principal if the other commits that particular crime, but he is also guilty of any other crime committed by the other in pursuance of the common purpose ... or as a natural or probable consequence thereof.

*State v. Mason*, ___ N.C. App. ___, ___, 730 S.E.2d 795, 800 (2012) (quoting *State v. Barnes*, 345 N.C. 184, 233, 481 S.E.2d 44, 71 (1997)). "[C]onstructive presence is not determined by the defendant's actual distance from the crime; the accused simply must be near enough to render assistance if need be and to encourage the actual perpetration of the crime." *Id.* (quoting *State v. Combs*, 182 N.C. App. 365, 370, 642 S.E.2d 491, 496, *aff'd per curiam*, 361 N.C. 585, 650 S.E.2d 594 (2007)).

For the State to show that defendant and Summers acted in concert, the State had the burden of showing (1) that a crime was committed, (2) that defendant and Summers had a common purpose, and (3) that defendant was either actually present, or near enough to render assistance as needed. Regardless of the evidence presented to support the first two elements, we can find no evidence in the record supporting the required third element. The State presented no evidence as to defendant's location during the offenses enumerated in cases 11 CRS 50681 and 11 CRS 50682. The State did not present any evidence that defendant was present, nearby, or even in the same county. In the absence of any evidence

showing actual or constructive presence, the trial court erred in denying defendant's motion to dismiss these charges.

We reverse defendant's convictions in cases 11 CRS 50681 and 11 CRS 50682.

## IV.  Conclusion

The trial court did not err in denying defendant's motion to dismiss in cases 10 CRS 64054 and 11 CRS 00066. However, the trial court erred in denying defendant's motion to dismiss as to cases 11 CRS 50681 and 11 CRS 50682, and the convictions in these cases are reversed.

Since we have reversed defendant's convictions in cases 11 CRS 50681 and 11 CRS 50682, the remaining cases must be remanded for resentencing. *See State v. McLaughlin,* 321 N.C. 267, 272, 362 S.E.2d 280, 283 (1987).

NO ERROR IN PART, REVERSED IN PART, AND REMANDED FOR RESENTENCING.

Judges STEPHENS and McCULLOUGH concur.